UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:12-00224-02-03 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| RONALD JAMES DOOMES (02)<br>ARINSKIE TRYVON ORLANDEZE JONES (03) | MAG. JUDGE C. MICHAEL HILL |

## MEMORANDUM RULING

Before the Court is a Motion to Sever [Record Document 147] filed by Defendant Ronald James Doomes (02). Defendant Doomes requests that the Court sever his trial from that of co-defendant Arinskie Tryvon Orlandeze Jones (03) based on potentially antagonistic defenses. The Government opposes the motion [Record Document 152]. For the reasons that follow, Doomes' motion is hereby **DENIED**.

## BACKGROUND

On October 24, 2012, a federal grand jury returned a three-count Superceding Indictment charging the above-named defendants, along with one other co-defendant, with Interference with Commerce by Robbery and Use and Carrying of a Firearm During and in Relation to a Crime of Violence.[1] The third count only named the previously severed co-defendant, Steven Dudley Nelson (01), and charged him with Possession of

---

[1] The Superceding Indictment also contains a forfeiture allegation, naming all three defendants.

1

a Firearm by a Convicted Felon.[2] Defendants Doomes (02) and Jones (03) are currently set for trial by jury, commencing March 24, 2014.

The basis of Defendant Doomes' motion for severance is that Doomes and Jones may present antagonistic defenses at trial. Those allegedly antagonistic defenses would be based on various cell phones, the relative ownership and/or possession of each, and the text of a particular communication sent from one of the cell phones on the day of the robbery at issue. Doomes' motion states that his co-defendant Jones "will attempt to place blame for the robbery and firearm use on Doomes by accusing Doomes of using Jones' cell phone(s) immediately prior to and after the April 8, 2011 robbery of the Tiger Trax Truckstop #7/Video Joker II casino without Jones' knowledge."[3]

As the Court understands the anticipated evidence which is relevant to this motion, there are three separate cell phones, identified by their unique phone numbers. For ease of discussion, the Court has labeled the individual cell phones as follows: (a) cell phone bearing the number (337) 459-1481; (b) cell phone bearing the number (337) 831-6905; and (c) cell phone bearing the number (337) 459-4431. Cell phone (a) allegedly belonged to severed co-defendant Nelson and was found in his possession when he was arrested on April 8, 2011.[4] Cell phone (b) is described as a prepaid phone activated on April 6, 2011 and ultimately seized from the interior of Nelson's vehicle on April 8, 2011, after the police identified and pursued Nelson's vehicle from a location

---

[2] This defendant (01) was named in the Superceding Indictment as Steven Dudley Nelson; however, he is listed in the docket under the alternative names of Dudley Stevens Nelson and Dudley Steven Nelson.

[3] Record Document 147, p. 1.

[4] Record Document 152, p. 2.

2

near the scene of the robbery.[5] At some point during the course of this investigation, the content of cell phones (a) and (b) were "dumped" pursuant to federal search warrants. Included in the personal contacts of cell phone (a), which allegedly belonged to severed co-defendant Nelson, was a contact named "Riski" tied to the number attributed to cell phone (c). Nelson has apparently confirmed to federal agents that Nelson called cell phone (c) when he wanted to speak to defendant Jones.[6]

The instant motion addresses the cell phone content which was analyzed pursuant to the above-mentioned federal warrants. Apparently there were several text messages downloaded from cell phone (b). The specific text which prompted the motion for severance was sent just prior to the robbery, from cell phone (b), and directed toward a cell phone belonging to Savannah Jenkins George, reputed to be the "girlfriend of Ronald Doomes."[7] For purposes of this motion, Doomes has represented that the pertinent message began with the following text: "Hello, wassup bae dats Renski other number...".[8]

Doomes claims that the Government will seek to introduce this text message in its case-in-chief but suggests that there are several possible scenarios that might describe the actual events that transpired insofar as they relate to who might have sent the text message at issue. Doomes argues that "if Mr. Jones was using his prepaid cell phone to text Savannah Jenkins George, then Mr. Doomes' defense would be faced with

---

[5] *See* Record Document 147, pp. 1-2, and Record Document 152, p. 2.

[6] Record Document 152, p. 2.

[7] Record Document 147, p. 2.

[8] *See* Record Document 147, p. 2, and Record Document 152, pp. 2-3.

3

the statement of a non-testifying co-defendant at trial," in violation of *Bruton v. United States*, 391 U.S. 123 (1968).[9] Doomes further anticipates that "Jones will, based partly on this text, attempt to exculpate himself from the instant robbery accusing Doomes, Nelson and an unknown third party."[10] In so arguing, Doomes believes that the Government's case relies primarily on: (a) Jones' DNA evidence, found in Nelson's "getaway vehicle" on April 8, 2011; (b) phone calls to and from cell phone numbers used by or registered to Jones, and which took place just prior to the robbery; and (c) the testimony of Nelson that Jones was one of the two armed robbers that he picked up after the April 8, 2011 robbery. Thus, Doomes claims that "it seems highly likely that Mr. Jones will attempt to attribute the phone calls from the aforesaid cell phone(s) to the person texting Savannah Jenkins George, i.e. Ronald Doomes."[11]

## LAW AND ANALYSIS

Federal Rule of Criminal Procedure 8 provides that multiple defendants may be charged together in the same indictment when they are alleged to have participated in offenses that are of the same or similar character, are based on the same act or transaction, or constitute parts of a common scheme or plan. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "[J]oint trials play a vital role in the criminal justice system" by promoting "efficiency and serv[ing] the interests of justice by

---

[9] Record Document 147, p. 2.

[10] *Id.*

[11] *Id.* at p. 3.

avoiding the scandal and inequity of inconsistent verdicts." *Id.* Here, the Superceding Indictment on its face reveals a proper basis for joinder, in that both the robbery and firearm counts with which Doomes and Jones are charged, allegedly arose out of the same act or transaction and constitute parts of a common scheme or plan.

A balance is struck by Federal Rule of Criminal Procedure 14(a), which provides that the trial court may grant a severance under certain circumstances:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. "In ruling on a motion to sever, a trial court must balance potential prejudice to the defendant against the 'public interest in joint trials where the case against each defendant arises from the same general transaction.'" *United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004).

Here, the alleged prejudice is that Doomes and Jones may present antagonistic defenses at trial. However, "[t]o compel severance the defenses must be antagonistic to the point of being irreconcilable and mutually exclusive." *United States v. Romanello*, 726 F.2d 173, 177 (5th Cir. 1984) (citing *United States v. Berkowitz*, 662 F.2d 1127, 1133 (5th Cir. Unit B, 1971)) (internal citations omitted). "The essence or core of the defenses must be in conflict, such that the jury, in order to believe the core of one

5

defense, must necessarily disbelieve the core of the other." *Id.* Doomes has neither argued such compelling prejudice nor does the Court find any such prejudice exists. At best, Doomes has presented a scenario which may ultimately extend the jury's deliberations but will not cause any undue prejudice. There are several possible factual scenarios, between the various cell phones, text messages, and interrelationships of the parties involved. If this evidence is presented via the Government's agents and their expert presentation of cell data, cell phone registration, and contents of text messages, then the jury has the right to weigh such testimony in order to reach a conclusion regarding the relative culpability of these two defendants. The Government agents themselves will not state definitively whether cell phone (c) is tied to Defendant Jones.[12] On the other hand, if any such evidence is presented via the live testimony of Jones himself, then Doomes' right to cross-examine Jones will counteract any risk of prejudice against Doomes.

Additionally, if there is any risk of "spillover evidence," the Court is likewise satisfied that such a risk does not rise to a level of potential prejudice which might mandate severance. While there is a risk that prejudice may arise when "evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant," *United States v. Peterson*, 244 F.3d 385, 393 (5th Cir. 2001), the Fifth Circuit has approved the use of a limiting instruction to prevent the threat of prejudice of evidence which is incriminating

---

[12] The Court has previously ordered the Government to amend the PowerPoint of its agent, FBI Agent William C. Williams, to reflect that the cell phone bearing number (337) 459-4431 (hereinabove labeled "cell phone (c)") relates to a "Mr. Jones," rather than specifically tying that number to Defendant Jones. [*See* Record Document 142].

against one defendant, but not another. *See United States v. Rocha*, 916 F.2d 219, 228 (5th Cir. 1990). Should such an instruction be merited, the Court will entertain any such arguments once the evidence has been presented. However, here, the jury will simply be asked to weigh the evidence of the various cell phones, calls and text messages in the same way that it will weigh all the other evidence in this case. As usual, the Government will not be allowed to make conclusory statements which are not supported by the evidence. Rather, the Government will be allowed to present the cell data and the relation of the cell data in both time and place, based on cell towers, to the scene of the robbery. It is the province of the jury to weigh such evidence and decide the ultimate issue of guilt or innocence. Accordingly, Doomes has failed to demonstrate how he would be unfairly prejudiced by proceeding to trial with his co-defendant Jones.

Doomes also alludes to *Bruton*,[13] as a reason supporting severance. Doomes argues that "if Mr. Jones was using his prepaid cell phone to text Savannah Jenkins George, then Mr. Doomes' defense would be faced with the statement of a non-testifying co-defendant at trial," in violation of *Bruton*. In *Bruton*, the Supreme Court held that a criminal defendant's Sixth Amendment confrontation right is violated where a hearsay confession by a co-defendant inculpating the defendant is admitted into evidence, and the co-defendant does not testify. *See also United States v. Hitt*, 473 F.3d 146, 159 (5th Cir. 2006)("A non-testifying co-defendant's confession cannot be

---

[13] *Bruton v. United States*, 391 U.S. 123 (1968).

7

used to inculpate the defendant."). Based on the arguments presented and evidence anticipated at this time, the Court does not find that a *Bruton* issue exists in this case.

## CONCLUSION

Doomes has failed to show that he is entitled to severance, as he has failed to show that any potentially antagonistic defenses might create the risk that a joint trial would prevent the jury from making a reliable judgment about the guilt or innocence of Doomes. For these reasons, Doomes' motion to sever [Record Document 147] is hereby **DENIED**.

**THUS DONE AND SIGNED** this 14th day of March, 2014.

Judge Elizabeth Erny Foote
United States District Court